UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Dec 12, 2008

FILED
CLERK'S OFFICE

IN RE: SET-TOP CABLE TELEVISION
BOX ANTITRUST LITIGATION                                     MDL No. 1995

## TRANSFER ORDER

**Before the entire Panel**[*]: Common defendants Time Warner Inc. and Time Warner Cable Inc. (collectively Time Warner) have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York. Plaintiffs in the Northern District of California, the Southern District of California, the District of Kansas, the Western District of Missouri, and the Southern District of New York actions agree that centralization is appropriate, but suggest the District of Kansas as transferee district.

This litigation currently consists of six actions listed on Schedule A and pending in six districts, one action each in the Central District of California, the Northern District of California, the Southern District of California, the District of Kansas, the Western District of Missouri, and the Southern District of New York.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions allege that Time Warner improperly tied and bundled the lease of cable boxes to the ability to obtain premium cable services in violation of Section 1 of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee forum for this litigation. Time Warner is headquartered there, and relevant documents and witnesses will likely be located in that district. Furthermore, Judge P. Kevin Castel has the time and experience to steer this litigation on an expeditious course.

---

[*] Judge Vratil did not participate in the disposition of this matter.

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable P. Kevin Castel for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil[*] | David R. Hansen |
| W. Royal Furgeson, Jr. | |

**IN RE: SET-TOP CABLE TELEVISION
BOX ANTITRUST LITIGATION**                    MDL No. 1995

## SCHEDULE A

<u>Central District of California</u>

Angela Kaufman v. Time Warner, Inc., et al., C.A. No. 2:08-5633

<u>Northern District of California</u>

Jenny Lell v. Time Warner, Inc., et al., C.A. No. 3:08-3925

<u>Southern District of California</u>

Jeffrey Seals v. Time Warner Cable, Inc., C.A. No. 3:08-1500

<u>District of Kansas</u>

Matthew Meeds v. Time Warner, Inc., et al., C.A. No. 2:08-2372

<u>Western District of Missouri</u>

Jason Dalen v. Time Warner, Inc., et al., C.A. No. 4:08-586

<u>Southern District of New York</u>

Les Izumi v. Time Warner, Inc., et al., C.A. No. 1:08-7616